Richard E. Moran and Helen Moran v. Commissioner.
Moran v. Commissioner
Docket No. 51184.
United States Tax Court
T.C. Memo 1958-5; 1958 Tax Ct. Memo LEXIS 230; 17 T.C.M. (CCH) 18; T.C.M. (RIA) 58005; January 21, 1958
*230 J. Weston Miller, Esq., Woodruff Building, Springfield, Mo., and Perry A. Ennis, Esq., for the petitioners. Marvin E. Hagen, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This case was remanded by the Court of Appeals for the Eighth Circuit. The petitioners, husband and wife, are partners in the business of operating a hotel. In a Memorandum Findings of Fact and Opinion filed July 21, 1955 ( ) we held that the respondent erred in eliminating any of the costs and expenses of furnishing meals and lodging to the resident co-partners in computing ordinary net income of the partnership for fiscal years ending in 1949 and 1950. The Court of Appeals reversed on September 10, 1956, () and remanded for determination of the correct amount to be eliminated. Further evidence was adduced on rehearing in February 1957. The findings of fact herein include the facts originally found with such additions as appear necessary for determining this issue. Findings of Fact The petitioners are husband and wife. In the taxable years 1949 and 1950 they were partners *231 in the business of operating a hotel at Springfield, Missouri, under the name or firm of Hotel Moran, and under a partnership agreement in writing. The partnership filed returns of income on the basis of fiscal years ending September 30. The petitioners filed joint returns for the calendar years 1949 and 1950 with the collector of internal revenue at Kansas City, Missouri. Both petitioners are experienced hotel operators and both participated extensively in the management of the Hotel Moran. They performed various duties which required them to be present in the hotel at all times. The partnership operates the hotel under a lease dated January 19, 1944, for a term of 15 years at a rental of $18,825 per year. The leased premises consisted of the hotel building and a parking lot in the rear. The hotel has 74 transient guest rooms. The business included a coffee shop and dining room, banquet rooms and private dining facilities, news stand, and cigar stand. In 1949 the business included a cocktail lounge in a street level room which was sublet in 1950. The partners sublet other street level rooms to various tenants and businesses. Parking space was furnished free to guests and other *232 parking space was rented by the month to business and professional residents of the city. Average room occupancy during the fiscal years ended in 1949 and 1950 was 85 per cent. The petitioners lived at the hotel and took their meals there of necessity and for the convenience and benefit of the business. They with their daughter occupied three rooms in the hotel. The furniture in these rooms was owned by the petitioners separate and apart from their business and they claimed no depreciation on it as part of the hotel business. The carpeting of these rooms was treated on the books as part of the hotel equipment and deduction for depreciation thereon was included in the deductions claimed on the partnership returns. The amount of such depreciation allocable to the carpeting of these rooms was $45.51 in each fiscal year. The floor area of the hotel building was 44,016 square feet. The area of the 3 rooms occupied by the Morans was 800 square feet. The Morans signed tickets for their meals and in some cases for meals for others. Some of the meals given others were for social purposes and some for charitable reasons. The cost of the meals for which the Morans signed tickets was $932.59 *233 in the fiscal year ended in 1949 and $891.78 in the next following fiscal year. In the fiscal year ended in 1949 the cost of food used in the hotel was $39,031.42 and cost of maintenance of the coffee shop was $46,433.39. In the following fiscal year cost of food was $34,584.84 and cost of maintenance of the coffee shop was $41,434.77. These costs of maintenance included wages paid to cooks and waiters, light, heat and other kitchen expenses. During the fiscal years ended in 1949 and 1950 the partnership employed 6 or 7 waitresses, 5 maids, one maintenance man and one parking lot attendant. The duties of the waitresses included serving meals to customers and to the Morans. The duties of the maids included cleaning the rooms occupied by guests and the rooms occupied by the Morans. The duties of the maintenance man included minor repair work, painting, window washing and plumbing. On the partnership returns deductions were claimed for the following items, among others: Fiscal Year
Fiscal Year
Ended 1949
Ended 1950
Rent
$18,000.00
$18,825.00
Payroll Expense
21,979.52
22,843.08
Laundry
5,662.77
3,837.82
Depreciation
5,624.76
6,551.78
Light and Power
2,782.77
2,670.99
Repairs
3,827.77
2,552.92
Water
1,054.64
1,154.49
Employees Meals
1,055.12
948.11
Heat
1,461.73
1,566.37
Amortization of Lease-
hold
2,476.11
2,952.73
Bonus
751.20
650.00
Advertising
1,278.97
1,510.31
Insurance
714.46
1,001.90
*234 The deductions claimed on the returns included personal expenses of the petitioners amounting to $1,200 in each year. Opinion The respondent determined that costs totalling $3,000 in each year attributable to furnishing the partners with meals and lodging were to be eliminated from the costs and expenses of operating the business in computing the ordinary net income of the partnership. The petitioners contend that the amounts should not exceed $1,064.65 for the fiscal year ending in 1949 and $1,026.04 for the following fiscal year. The Court of Appeals in this case stated: "It is conceded that the taxpayers '* * * lived at the hotel and took their meals there of necessity and for the convenience and benefit of the business'. It does not follows, however, that the food and lodging expenses become business expenses of the taxpayers. They are essentially personal in nature. Everyone must have food and shelter. They are personal things essential to all of us alike, regardless of occupation. They do not lose their personal characteristics because they may contribute indirectly to a taxpayer's business activities. If that were not so, a taxpayer's lunch necessarily purchased away *235 from home, his cost of going to the office or factory and returning, and innumerable other items would become business expenses of the individual taxpayer. It is true that certain expenses normally personal may become deductible by reason of intimate relation to an occupation carried on away from home or partially away from the principal place of doing business, but this is so because of the predominant business characteristics of the expense. * * * A personal expense exists when it is incurred by all people generally, regardless of occupation. * * * The fact that such expense is incidentally incurred at the place of business does not convert the expense into a purely business item." The respondent submits an itemized schedule of the costs of items said to be attributable to furnishing meals, lodging and other personal and living accommodations to the Moran family in the fiscal years involved, the sum of the items exceeding $3,000 in each fiscal year. This schedule includes $932.59 and $891.78 for the respective years for costs of food, $1,108 and $1,067 for pro rata share of the maintenance costs of the coffee shop based on the ratio of the food charged to the Morans to the total *236 cost of food, and other items computed from the expense deductions according to the ratio of the floor area occupied by the Moran family to the floor area of the entire building. The respondent treats certain of the deductions as wholly business expenses, such items as advertising, office expense, and employees' liability insurance. The parties agree that the rental value of telephones in the rooms occupied by the Morans was a personal expense and as to certain other items including depreciation on carpeting in those rooms. The petitioners contend that many of the items treated by the respondent as partly personal expenses are wholly business and in no part personal. They argue that the question is not what was the economic value to them of the rooms or services or expenses incident to the rooms but what expenses were incurred by the business as a consequence of the petitioners' occupancy of 3 rooms in the hotel which would not have been incurred had they resided elsewhere. They reason that not a single dollar of additional rent was paid because of their residence in the leased premises, and not a single additional employee was hired as a consequence of their living in the hotel *237 or having meals there, hence no part of the deductions for rent or wages should be eliminated. The petitioners were not guests in the hotel, nor did they live as guests. There was testimony that they often served themselves or worked at menial tasks when there was a shortage of help. They forwent the advantages of a private home to stay near their business. It is not a question of determining the money value of the economic benefits they derived from their residence, but of ascertaining what part of the expenses paid by the partnership were actually personal expenses of the petitioners. In it was recognized that in some cases "a decision must necessarily be an approximation derived from an evaluation of elements not easily measured. In matters so practical as the administration of tax laws and in the decision of problems connected with them, a high degree of precision is often impossible to achieve." Upon full consideration of all the evidence we have found that $1,200 of the expenses claimed as deductions on the partnership returns in each year were personal expenses of the petitioners. Decision will be *238 entered under Rule 50.